**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
Brittany S. Scott (State Bar No. 327132)
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         ndeckant@bursor.com
         bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

**REED SMITH LLP**
Todd O. Maiden (State Bar No. 123524)
101 Second Street, Suite 180
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
E-Mail: tmaiden@reedsmith.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA STEWART and JOHN D. KELLER, individually and on behalf of all others similarly situated,<br><br>                                Plaintiffs,<br>     v.<br><br>CAMELBAK PRODUCTS, LLC and CAMELBAK INTERNATIONAL, LLC,<br><br>                                Defendants. | Case No. 4:20-cv-00232-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Courtroom:  1 – 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Plaintiffs Jessica Stewart and John D. Keller ("Plaintiffs") and Defendants CamelBak Products, LLC and CamelBak International, LLC (collectively "Defendants"), the parties to the above-titled action (collectively, "the Parties"), hereby submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Standing Order in Civil Cases for Judge Yvonne Gonzalez Rogers.

## 1. **Jurisdiction & Service**

Plaintiffs allege that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and a least one member of the proposed class is a citizen of a state different from Defendants. Plaintiffs served both Defendants on January 15, 2020.  Defendants deny that this Court has subject matter jurisdiction for the reasons set forth in their pending Motion to Dismiss Plaintiffs' First Amended Complaint.

## 2. **Facts**

### (a) **Plaintiffs' Statement**:

Plaintiffs filed a class action complaint against Defendants CamelBak Products, LLC and CamelBak International, LLC for manufacturing, distributing, and selling defective CamelBak eddy Water Bottles, including the CamelBak eddy Water Bottle 32 oz, CamelBak eddy Water Bottle 25 oz, CamelBak eddy Water Bottle 20 oz, Camelbak eddy Kids Water Bottle 12 oz, CamelBak Kids Vacuum Insulated Stainless Water Bottle 12 oz, CamelBak eddy Kids Insulated Water Bottle 12 oz, CamelBak eddy Insulated Water Bottle 20 oz, CamelBak eddy Vacuum Insulated Stainless Water Bottle 20 oz, and CamelBak eddy Glass Water Bottle 24 oz (collectively, the "CamelBak eddy").

CamelBak warranted that the CamelBak eddy is "spill-proof."  Among other representations, CamelBak claims that consumers who purchase the CamelBak eddy will "[e]njoy spill-proof sipping at work or on the trail."  However, the design of the CamelBak eddy – which "use[s] patented bite valves" to "prevent leaks and allow easy sipping" – is fundamentally

defective. The bottles are not "spill-proof" because water may run, flow, or fall out of the bottles (*i.e.* leak).

Plaintiff John D. Keller is a natural person and citizen of the State of New York who resides in Churchville, New York. On January 5, 2018, Plaintiff Keller purchased a CamelBak eddy Water Bottle 25 oz for $12.82 from Amazon.com. Plaintiff Jessica Stewart is a natural person and citizen of the State of California who resides in Oakland, California. On September 13, 2017, Plaintiff Stewart purchased two 12 oz CamelBak eddy Kids Water Bottles for $13.00 and $12.99 from Amazon.com. Prior to their purchases, Plaintiffs reviewed the labeling, packaging, and marketing materials for the CamelBak eddy and saw the representation that it is purportedly "spill-proof." Plaintiffs understood these claims to be representations and warranties by Defendants that the CamelBak eddy is purportedly "spill-proof" and free of defects that would cause water to run, flow, or fall out of the bottle (*i.e.*, leak). Plaintiffs reasonably relied on Defendants' representation that the CamelBak eddy is "spill-proof" when they purchased their CamelBak eddys. In reliance on these representations and warranties, Plaintiffs paid a tangible increased cost for their CamelBak eddys, which were worth less than represented because the CamelBak eddys are not "spill-proof." Plaintiffs' water bottles are defective because they leak and have actually leaked during prior use. Plaintiffs relied on these representations and warranties in deciding to purchase the CamelBak eddy, and these representations were part of the basis of the bargain, in that they would not have purchased the CamelBak eddy if they had known that it was not, in fact, "spill-proof." Plaintiffs also understood that in making the sale, the retailer was acting with the knowledge and approval of CamelBak and/or as the agent of CamelBak. Plaintiffs also understood that their purchases involved a direct transaction between themselves and CamelBak, because their CamelBak eddys came with packaging and other materials prepared by CamelBak, including representations and warranties that their CamelBak eddys are purportedly "spill-proof."

(b)     **Defendants' Statement**:

Plaintiffs' eleven claims against two CamelBak entities, grouped together in Plaintiffs' pleading as "CamelBak" or "Defendants" without explanation for ignoring their corporate distinctiveness, arise out of their purchase of two different models of CamelBak eddy water

bottles.  They claim that prior to purchasing their water bottles, which were purchased online through a third-party retailer, they reviewed the labeling packaging, and marketing materials (although they do not say which ones) and saw representations that the water bottles they eventually purchased were "spill-proof."  Based on this representation, both Plaintiffs came to the same conclusion, and understood that their water bottles would be "free of defects that would cause water to run, flow, or call out of the bottle (*i.e.*, leak.)"  Plaintiffs do not, however, allege that their water bottles have spilled water or that they experienced spilling during normal use.  Nor do Plaintiffs identify any defect in the water bottle that caused an alleged leak or describe conditions that precipitated the alleged leak(s).  Plaintiffs filed suit on their own behalf, and seek to pursue claims on behalf of three putative classes: a nationwide class for some of the claims, a California subclass for California statutory claims, and a New York subclass for New York General Business Law claims.  Plaintiffs seek to include all persons who purchased a "CamelBak eddy" in these classes, despite the fact that there are more than *nine* different types of CamelBak eddy water bottles.  Plaintiffs, individually, each purchased only a single model, and have experience with only the models they purchased.

      CamelBak eddy water bottles like the ones Plaintiffs purchased are governed by a warranty – a Lifetime Guarantee.  Pursuant to that lifetime warranty, CamelBak Products promises to "repair or replace at its discretion any manufacturing defect" in CamelBak-branded products, and covers all products that "legitimately fail due to a manufacturing defect."  Purchasers can submit warranty claims online and request replacement parts or a full product replacement.  Plaintiffs did not adhere to these warranty procedures.  Nor did Plaintiffs comply with California and New York law, which require pre-suit notice to the manufacturer before advancing some of their claims.  Nonetheless, immediately upon receiving the post-filing notice, Defendants have offered and made available to Plaintiffs unconditional refunds exceeding the price paid for their bottles as alleged in the First Amended Complaint, as well as replacement water bottles, free of charge.

### 3. <u>Legal Issues</u>

(a) **Plaintiffs' Statement**:

Plaintiffs assert claims on behalf of themselves and a nationwide class of purchasers of CamelBak eddy water bottles, for violation of the Magnuson-Moss Warranty Act, breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud. Plaintiff Stewart also asserts claims on behalf of herself and a California subclass, for violation of California's Consumers Legal Remedies Act ("CLRA"), violation of California's Unfair Competition Law ("UCL"), and violation of California's False Advertising Law ("FAL"). Plaintiff Keller also asserts claims on behalf of himself and a New York subclass, for violation of New York's General Business Laws ("GBL") §§ 349-50.

(b) **Defendants' Statement**:

For the reasons set forth in full in Defendants' pending Motion to Dismiss Plaintiffs' First Amended Complaint, Plaintiffs' individual claims are deficient in a number of ways. First and foremost, Plaintiffs lack standing to pursue their own claims or claims on behalf of a class because full and complete was fully available to Plaintiffs at the time they filed suit. Plaintiffs' warranty, statutory, and common law claims also fail for myriad reasons, including lack of privity between the parties, Defendants' compliance with warranties, Plaintiffs' failure to plead fraud with particularity, Plaintiffs' failure to establish pre-suit awareness of the alleged defect, and Plaintiffs' failure to plead the type of damage cognizable under various warranty laws. Substantively speaking, none of Plaintiffs' claims have merit.

Plaintiffs' class allegations and class claims raise additional legal issues. Plaintiffs seek to represent a nationwide class of purchasers with respect to some of their claims, but lack standing to pursue those claims on behalf of non-California and non-New York residents. Plaintiffs similarly lack standing to assert claims regarding models of CamelBak eddy water bottles they did not purchase and cannot assert claims based on advertisements they neither saw nor replied upon in purchasing their respective water bottles. Moreover, Defendants strongly contend class certification is impossible in this case for many reasons, including but not limited to Plaintiffs' inability to

demonstrate that their water bottles are "defective" in any way common to other putative class members' water bottles.

### 4. Motions

Defendants filed a motion to dismiss the operative complaint on March 4, 2020, which has been fully briefed since the Reply brief was filed on March 25, 2020. Plaintiffs also intend to file a motion for class certification pursuant to the schedule set forth below.

### 5. Amendment Of Pleadings

Plaintiffs amended their complaint as of right pursuant to Rule 15(a)(1)(B) on February 19, 2020 (Dkt. No. 16). Plaintiffs do not anticipate filing a second amended complaint at this time, but reserve their right to move for leave to file an amended pleading.

### 6. Evidence Preservation

The Parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The Parties request that the Court briefly stay initial disclosures until resolution of the pending motion to dismiss and that the Parties make initial disclosures 14 days after the court's ruling if the motion is denied.

### 8. Discovery

The Parties have stipulated to stay discovery in this case until after this Court issues a ruling on Defendants' pending motion to dismiss. Defendants propose that discovery be bifurcated so that discovery on the merits of Plaintiffs' individual claims occurs before class discovery is allowed. Rule 1 of the Federal Rules of Civil Procedure requires courts to construe the other Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1. Moreover, courts have the authority to "phase" discovery and case proceedings to "prevent the parties from incurring unnecessary costs." *Hanni v. Am. Airlines,* No. C-08-00732 CW (EDL), 2009 WL 1505286, at *8 (N.D. Cal. May 27, 2009). The discovery bifurcation Defendants propose is not the classic class/merits bifurcation that is often sought, but rather a

bifurcation so that the parties proceed first with discovery limited to the *named Plaintiffs' claims*. A number of courts have agreed that this procedure is an appropriate one to ensure the parties are not required to engage in costly and far-flung discovery when there are significant issues with the named plaintiff's claims.  *See, e.g., Larson v. Burlington Northern & Santa Fe Ry Co.*, 210 F.R.D. 663, 665 (D. Minn. 2002); *Katz v. Liberty Power Corp., LLC*, 18-cv-10506-ADB, 2019 WL 957129, at * (D. Mass. Feb. 27, 2019) (bifurcating discovery to prioritize named plaintiffs claims as the ("need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims).  Plaintiffs do not request or see any reason to phase fact discovery at this time because class certification and individual discovery overlap, and the phasing of fact discovery would likely lead to inefficiencies and unnecessary discovery disputes as to the permissible topics and scope of discovery pre-certification.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) ("Frequently that 'rigorous analysis' will entail some overlaps with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.") (internal citations omitted).  The parties have agreed to accept service of discovery requests and responses via email.

       (a)    **Plaintiffs**: Plaintiffs intend to seek discovery regarding, among other things: (i) documents sufficient to show sales to wholesalers, distributors, and retail consumers for each SKU of the CamelBak eddy;  (ii) documents sufficient to identify retailers who have offered the CamelBak eddy for sale in the United States; (iii) documents sufficient to show, for each SKU of the CamelBak eddy, the number of units sold and revenue generated by such sales; (iv) documents sufficient to show all label exemplars and changes (and the date thereof), if any, for each SKU of the CamelBak eddy; (v) documents concerning the "spill-proof" claims; (vi) communications with customers concerning complaints or comments regarding the CamelBak eddy; (vii) documents related to any policy, procedure, or marketing strategy used to market, advertise, promote, and/or sell the CamelBak eddy; (viii) documents showing quality assurance testing of the CamelBak eddy; (ix) identifying information for consumer purchasers of the CamelBak eddy; and (x)

documents sufficient to show all advertisements for the CamelBak eddy. Plaintiffs note that this list is preliminary in nature and may change as discovery commences.

        (b)    **Defendants**: Defendants deny that Plaintiffs are entitled to much of the discovery delineated in the previous subsection. Defendants intend to seek discovery regarding, among other things, (i) Plaintiffs' purchase of their CamelBak eddy water bottles; (ii) the identity of the representations Plaintiffs saw and relied on when purchasing their water bottles; (iii) Plaintiffs' failure to comply with CamelBak Products' warranty procedures; (iv) Plaintiffs' claims that their water bottles leaked; (v) the factual bases for Plaintiffs' claims; (vi) Plaintiffs' receipt of a refund and replacement water bottles; and (vii) Plaintiffs' communications regarding their experiences with their CamelBak eddy water bottles. Defendants reserve all rights to add additional topics outside of this preliminary list.

        **9.**    **Class Actions**

        (a)    **Plaintiffs**: Plaintiffs intend to move for class certification within one month from the close of fact discovery. Plaintiffs' counsel have reviewed the Procedural Guidelines for Class Action Settlements. A proposed schedule for class certification is included in Section 17 below.

        (b)    **Defendants**: Aside from Plaintiffs' failure to assert meritorious individual claims, Defendants deny that class treatment is appropriate here. Defendants' counsel have reviewed the Procedural Guidelines for Class Action Settlements and agree to the schedule set forth below.

        **10.**    **Related Cases**

This matter is related to *Lepkowski v. CamelBak Products, LLC, et al.*, Case No. 4:19-cv-04598-YGR. *Lepkowski* was dismissed with prejudice on January 23, 2020.

        **11.**    **Relief**

        (a)    **Plaintiffs**: Plaintiffs seek compensatory damages, punitive damages, statutory damages, prejudgment interest, attorneys' fees, and costs and expenses.

(b)    **Defendants**:  Defendants deny that Plaintiffs are entitled to any relief. Defendants do not seek relief from Plaintiffs, but reserve the right to seek attorneys' fees, costs, and any other appropriate relief as the case progresses.

### 12.    Settlement and ADR

The parties have not begun settlement negotiations and believe that a settlement conference would be premature at this time.  However, the parties are willing to discuss ADR and private mediation options at an appropriate time.

### 13.    Consent To Magistrate Judge For All Purposes

On January 22, 2020, Plaintiffs filed a Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge.

### 14.    Other References

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15.    Narrowing Of Issues

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

### 16.    Expedited Trial Procedure

The Parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

### 17.    Scheduling

The Parties propose the following schedule:

| Event | Date |
| --- | --- |
| Fact discovery cutoff | Fourteen months after the Court rules on Defendants' Motion to Dismiss |
| Plaintiffs' Motion for Class Certification | Forty-five days before the close of fact discovery |

| | |
|---|---|
| Defendants' Opposition to Class Certification | Sixty days after Plaintiffs file their moving brief, unless Plaintiffs support their motion for class certification with expert evidence, in which case more time will be needed |
| Plaintiffs' Reply in Support of Class Certification | Thirty days after Defendants file their opposition brief |
| Hearing on Class Certification Motion | To be set for an early practicable date |
| Plaintiffs to disclose merits expert reports | Sixty days after the Court rules on Plaintiffs' motion for class certification |
| Defendants to disclose merits expert reports | Forty-five days after Plaintiffs disclose expert reports |
| Close of expert discovery | Sixty days after Defendants disclose expert reports |
| Last date for hearing on dispositive motions and Daubert motions | Sixty days after close of expert discovery |
| Pre-trial conference | TBD after close of expert discovery |
| Trial | TBD after close of expert discovery |

### 18. Trial

Plaintiffs demand a jury trial. At this time, the parties believe it is premature at this time to determine a trial date.

### 19. Disclosure Of Non-Party Interested Entities Or Persons

The Parties are currently unaware of any non-party interested entities or persons.

### 20. Professional Conduct

Counsel for the Parties reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  April 2, 2020                    **BURSOR & FISHER, P.A.**

                                        By:     */s/ Brittany S. Scott*
                                                Brittany S. Scott

                                        L. Timothy Fisher (State Bar No. 191626)
                                        Neal J. Deckant (State Bar No. 322946)
                                        Brittany S. Scott (State Bar No. 327132)
                                        1990 North California Blvd., Suite 940
                                        Walnut Creek, CA 94596
                                        Telephone: (925) 300-4455
                                        Facsimile:  (925) 407-2700
                                        E-mail: ltfisher@bursor.com
                                                ndeckant@bursor.com
                                                bscott@bursor.com


                                        **BURSOR & FISHER, P.A.**
                                        Scott A. Bursor (State Bar No. 276006)
                                        2665 S. Bayshore Dr., Suite 220
                                        Miami, FL 33133
                                        Telephone: (305) 330-5512
                                        Facsimile: (305) 676-9006
                                        E-Mail: scott@bursor.com

                                        *Attorneys for Plaintiffs*


Dated: April 2, 2020                    **REED SMITH LLP**

                                        By:     */s/ Todd O. Maiden*
                                                Todd O. Maiden

                                        Todd O. Maiden (State Bar No. 123524)
                                        101 Second Street, Suite 180
                                        San Francisco, CA 94105
                                        Telephone: (415) 543-8700
                                        Facsimile: (415) 391-8269
                                        E-Mail: tmaiden@reedsmith.com

                                        *Attorney for Defendants*