UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN D. KELLER,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**CAMELBAK PRODUCTS, LLC, ET AL.,**<br><br>　　　　　　Defendants. | Case No.  4:20-cv-0232-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 18 |

At its core, this case is Bursor & Fisher's attempt to revive *Rachel Lepkowski v. CamelBak Products, LLC et al*, 4:19-cv-04598-YGR (N.D. Cal.) ("*Lepkowski* action") dismissed by this Court only a few months ago. The changed allegations in the pending amended complaint fare no better than the first. For the reasons set forth more fully below, the Court again concludes that plaintiff John D. Keller lacks Article III standing to pursue the claims in this matter. Accordingly, the Court **GRANTS** defendants CamelBak Products, LLC's and CamelBak International, LLC's (collectively, "CamelBak") motion to dismiss.

## I.　BACKGROUND

Plaintiff John D. Keller bring this action against CamelBak.[1] As Lepkowski did, Keller here brings an amended class action complaint concerning *all* CamelBak eddy water bottles, and alleges violations of various consumer protection laws as to the bottles' "spill-proof" claims. Therein, Keller alleges anecdotal statements from the internet that some of the water bottles spilled, including some at altitude. Specifically, Keller asserts ten claims including: (i) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; (ii) breach of express warranty; (iii) breach of the implied warranty of merchantability; (iv) unjust enrichment; (v) violation of California's Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq*.; (vi) violation of California's Unfair Competition Law ("UCL"),  Cal. Bus. & Prof. Code §§ 17200, *et seq*.;

---

[1] Shortly after the conclusion of the briefing on the motion to dismiss, former named plaintiff Jessica Stewart filed a notice of dismissal of her claims without prejudice (Dkt. No. 25), which the Court subsequently entered.  (Dkt. No. 26.)

1   (vii) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500,
2   *et seq.*; (viii) negligent misrepresentation; (ix) fraud; (x) violation of New York's General
3   Business Law § 349; and (x) violation of New York's General Business Law § 350.

4   The standards for this motion are not in dispute and are well known. Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Federal courts are of "limited jurisdiction" and plaintiff bears the burden to prove the requisite federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994). A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Thus, in a factual 12(b)(1) motion, the Court may consider evidence outside the complaint to resolve factual disputes in the process of determining the existence of subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Courts consequently need not presume the truthfulness of a plaintiff's allegations in such instances. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

The Court limits the following summary to the facts relevant in deciding the disposition of this motion. This case cannot be fairly analyzed without appropriate reference to the *Lepkowski* action. Having failed to assert Article III standing in that action after CamelBak sent a replacement bottle and unconditional $20.00 check to plaintiff Lepkowski, the same attorneys for the new plaintiffs here attempted an end-run around the prefiling requirement. Thus:

On December 12, 2019, this Court dismissed the Lepkowski action and required that an amended complaint, if consistent with Rule 11, be filed by January 17, 2020. Thereafter, Bursor & Fisher, on behalf of Stewart and Keller, sent a "Notice and Demand Letter" pursuant to the Magnuson-Moss Warranty Act, the CLRA, and the UCC corollaries, certified and dated January 10, 2020 to CamelBak. Therein, they demand that CamelBak "(1) issue a mandatory recall of CamelBak eddy Water Bottles and (2) make full restitution to all purchasers of the CamelBak eddy of all purchase money obtained from sales thereof." (Dkt. No. 16 at 29-30.) It should be

1  noted that, unlike in other cases, the demand letter was devoid of any support for its overarching
2  statement that "due to a defect, CamelBak Water Bottles leak" other than the presumably accurate
3  claim that in the case of Keller and Stewart specifically, each experienced a water bottle that
4  leaked.

5  On that same day, Friday, January 10, 2020, Keller and Stewart filed the instant action. On
6  Monday, January 13, 2020, CamelBak responded noting that Keller and Stewart "did not provide
7  proper notice or make a proper warranty claim, but nonetheless providing a full refund and
8  reminding them that replacement bottles are also readily available at no charge, with an invitation
9  to choose their specific replacement water bottles." (Dkt. No. 18 at 13-14; *see also* Dkt. No. 18-1
10 at 12-17 (Maiden Decl. at Ex. B).) Keller does not dispute CamelBak's recitation:

> Plaintiff['s] counsel admitted receipt of the full refunds and availability of the replacement bottles, but sought to return the full refund and decline the free replacement bottles by mischaracterizing the readily available remedy as a "settlement offer," even though the letter plainly states that eh payments and replacement bottle are Plaintiff['s] to keep unconditionally, and with no return consideration required. (*Id.* at Exhs. B-C). Defendants returned the full refund and provided replacement bottles to Plaintiff[] with a reminder that they are Plaintiff['s] to keep unconditionally, without consideration, and that Plaintiff[] may do with them whatever they wish. (*Id.* at Exh. D.) Despite Plaintiff['s] continued attempts to return the refunds and bottles, the fact that they are fully available remains true to this day.

(Dkt. No. 18 at 13-14.)

## II. MOTION TO DISMISS

CamelBak moves to dismiss Keller's complaint under Rules 12(b)(1) and (b)(6). Because the Court concludes that Keller lacks standing under Rule 12(b)(1), the Court limits its discussion and analysis to Rule 12(b)(1), and declines to address CamelBak's remaining arguments under Rule 12(b)(6).

Article III of the United States Constitution provides that federal courts may only adjudicate "cases" and "controversies." U.S. Const. Art. III, § 2. The constitutional standing inquiry "focuses on whether the plaintiff is the proper party to bring this suit." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish standing under Article III, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v.* Robins, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). In multi-count actions, standing is analyzed on a claim-by-claim basis. *Allen v. Wright*, 468 U.S. 737, 752 (1984).

As the Court found in the *Lepkowski* action, Keller has failed to allege a concrete injury. At its core, Keller's argument hinges on the notion of gamesmanship, *i.e.* that a plaintiff attempts to ignore the statutory mechanisms implemented to resolve consumer issues *informally* and *without* litigation by not giving the defendant an opportunity to correct the defect. While circumstances may exist rendering compliance with this notice provision pointless, this is not one of them. Keller intentionally sought to circumvent those procedures by filing suit immediately upon mailing the required notice, providing no opportunity for defendants to respond. Such gamesmanship will not be countenanced. CamelBak made Keller unconditionally whole. Keller's preemptive filing of this lawsuit does not convert the corrective action into "post-suit" conduct. Accordingly, the rationale previously articulated in the Court's prior ruling in the *Lepkowski* action is and remains persuasive and applicable.[2]

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** CamelBak's motion to dismiss Keller's first amended class action complaint. This is Bursor & Fisher's fourth attempt at a complaint (two in the *Lepkowski* action and two here). Again, in light of this analysis, the Court does not believe that amendment to the complaint is possible. However, in light of Keller's request, leave to amend is **GRANTED** as long as such amendment can be made consistent with Rule 11.

To the extent Keller decides to file a second amended complaint, the same shall be filed no

---

[2] As noted, in light of this ruling, the Court declines to address the other grounds for dismissal. However, the Court does note that it has significant concerns regard the scope of the alleged claims. Keller has pled that two water bottles have not been "spill proof" but has articulated no plausible theory to extend that claim to other types of bottles. Further, while the Court agrees that whether a nationwide class claim can be stated is typically addressed during class certification, they have been routinely narrowed after the Ninth Circuit's ruling in *Mazza v. American Honda Motor Co. Inc.*, 666 F.3d 581 (2012). Plaintiffs entire approach to this litigation, including in the *Lepkowski* action, has been overreach. *See Lepkowski v. CamelBak Products, LLC*, 4:19-cv-04598, Dkt. No. 31, 2019 WL 6771785 (N.D. Cal. Dec. 12, 2019).

later than **June 19, 2020**. Failure to do so will result in a *sua sponte* dismissal with prejudice effective **June 22, 2020**.

This Order terminates Docket Number 18.

**IT IS SO ORDERED.**

Dated: May 29, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**